**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHARLES McCOY,

       Petitioner,

                                      Case No. 3:17-cv-660-J-34MCR

vs.

DEPARTMENT OF CHILDREN AND
FAMILIES,

       Respondent.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Petitioner Charles McCoy's Petition for Writ of Certiorari (Doc. 1; Petition) and Motion for Preliminary Injunction (Doc. 2; Motion), both filed on June 9, 2017. In his Petition, McCoy seeks "certiorari review of the termination of his parental rights" pursuant to "Rule 60(b)(1) and (3)" of the Federal Rules of Civil Procedure (Rule(s)). See Petition at 1. According to McCoy, a state court in Duval County terminated his parental rights in a decision issued on August 25, 2016. Id. at 2. Although McCoy appealed this decision, the Florida First District Court of Appeal affirmed the trial court's ruling, and denied McCoy's motion for a rehearing and written opinion. Id. As such, McCoy initiated this action in which he seeks to have this Court review the decision terminating his parental rights and "issu[e] an order directing the trial [court] and the Respondent [the Florida Department of Children and Families (DCF)] to give [McCoy] a meaningful opportunity to complete a court ordered case plan with the goal of reuniting [McCoy] with his children." Id. at 23. In the Motion, McCoy asserts that DCF intends to allow the adoption of his children, and seeks a "preliminary injunction prohibiting [DCF]

from proceeding with any adoption proceedings related to the minor children in this case." See Motion at 2-3.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). If at any time the Court determines it lacks subject-matter jurisdiction, "the court must dismiss the action." See Rule 12(h)(3), Federal Rules of Civil Procedure (Rule(s)).[1]

In the Petition, McCoy is asking this Court to review, overturn or interfere with a state court judgment. However, pursuant to the Rooker-Feldman[2] doctrine, the Court lacks subject matter jurisdiction over such a request. "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482). Indeed, under the Rooker-Feldman doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v.

---

[1] The Court notes that McCoy fails to allege any basis for federal subject matter jurisdiction over this case, and the Court independently can discern none. Rather, McCoy appears to believe that this Court sits as an appellate court over the Florida District Courts of Appeal. McCoy alleges that his Petition is permitted under 28 U.S.C. § 2101(c). See Petition at 1. However, 28 U.S.C. § 2101 governs petitions for writ of certiorari before the United States Supreme Court. As such, the statute cited is not applicable to McCoy's petition before this Court, a United States District Court. Regardless, for the reasons set forth below, the Court lacks jurisdiction to consider McCoy's requests under the Rooker-Feldman doctrine.

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

Moore, 121 F.3d 624, 626 (11th Cir. 1997). Upon review of the Petition, it is apparent that McCoy seeks to have his Petition serve as an appeal to this Court of the final decision of the Florida state court regarding his parental rights, and asks this Court to overturn that decision. Because the Court lacks subject matter jurisdiction over this request, the Court determines that this action is due to be dismissed. Likewise, because the Court has no subject matter jurisdiction to hear McCoy's request, the Motion for Preliminary Injunction will be denied. In light of the foregoing, it is

**ORDERED**:

1. The Petition for Writ of Certiorari (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**
2. The Motion for Preliminary Injunction is **DENIED**.
3. The Clerk of the Court is directed to terminate any pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of June, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties